**Brian THOMAS, Plaintiff–Appellant,**

v.

**S.E.A.L. SECURITY, INC., John Silverman, Robert Tighe, Robert Cacciatore, William Kenney, Alan Serrins, Defendants–Appellees.**

No. 07–5133–cv.

United States Court of Appeals, Second Circuit.

Dec. 3, 2008.

Brian Thomas, Howell, NJ, pro se.

Alan Serrins, Law Offices of Queller, Fisher, Dienst, Serrins, Washor & Kool, LLP, New York, NY, for Defendants–Appellees.

Present: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Brian Thomas, *pro se*, appeals from a judgment of the Southern District of New York (Rakoff, *J.*) granting the defendants-appellees' motion for summary judgment and dismissing Thomas's claims, which were based upon employment discrimination and retaliation. We assume the parties' familiarity with the facts and procedural history.

Upon *de novo* review and for the reasons stated in the magistrate judge's report and recommendation, we agree with the district court that, as to Thomas's discrimination claims pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, (1) Thomas failed to establish that his treatment occurred under conditions giving rise to an inference of discrimination; and (2) the defendants-appellees put forth legitimate, non-discriminatory reasons for Thomas's treatment. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As to Thomas's retaliation claims under Title VII, we agree with the district court that Thomas failed to provide sufficient evidence demonstrating that the defendants-appellees's legitimate, nondiscriminatory reasons for Thomas's termination were pretextual. *See Terry v. Ashcroft*, 336 F.3d 128, 140–41 (2d Cir.2003). We also agree that Thomas's claims pursuant to the Fair Labor Standards Act failed as a matter of law, *see Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir.1993), and that, because the standards for liability under the New York State and City Human Rights laws are the same as those under the federal anti-discrimination statutes, Thomas's state law claims failed as well, *see Ferraro v. Kellwood Co.*, 440 F.3d 96, 99 (2d Cir.2006).

We find no merit in Thomas's other arguments. The record does not support Thomas's conclusory allegation of bias by the magistrate judge. The magistrate judge also did not err in relying on Thomas's deposition, given that a deposition need only be signed where a party so requests, *see* Fed.R.Civ.P. 30(e), and the magistrate judge indicated that he would recommend granting summary judgment even without the benefit of Thomas's depo-

sition testimony. Furthermore, we conclude that: (1) Julie O'Brien's status as a supervisor was properly supported by a sworn affidavit; (2) the magistrate judge discussed Thomas's claim that he complied with the policies of the defendants-appellees; and (3) any error in the magistrate judge's description of the time that Thomas "called out" on August 13, 2001, is immaterial to the decision.

We have reviewed Thomas's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.